UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

SIDNEY P. KILMARTIN,              )
                                  )
              Plaintiff,          )
                                  )
v.                                )        2:25-cv-00445-SDN
                                  )
DEBBIE KILMARTIN,                 )
                                  )
              Defendant.          )

**ORDER DISMISSING COMPLAINT**

On September 3, 2025, Plaintiff Sidney P. Kilmartin filed the instant action against his ex-wife, Defendant Debbie Kilmartin. ECF No. 1. Since then, Mr. Kilmartin has experienced a number of difficulties in effecting proper service on Defendant and has employed the resources of multiple process servers and sheriff's offices in his attempts. *See* ECF Nos. 6, 7, 8, 9, 10, 14. On January 9, 2026, Plaintiff moved for issuance of a summons in this matter, ECF No. 12, which was granted, ECF No. 13.

On January 23, 2026, before the summons issued, Mr. Kilmartin moved for alternate service pursuant to Federal Rule of Civil Procedure 4(e) and Maine Rule of Civil Procedure 4(g).[1] ECF No. 14. The Magistrate Judge denied the motion without prejudice, finding that his "efforts to serve the Defendant up to this point have not, apparently, included the necessary summons." ECF No. 17. The Clerk of Court subsequently issued

---

[1] Federal Rule of Civil Procedure 4(e) provides "an individual . . . may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In turn, Maine Rule of Civil Procedure 4(g)(1) states "[t]he court, on motion upon a showing that service cannot with due diligence be made by another prescribed method, shall order service (i) to be made by leaving a copy of the order authorizing service by alternate means, the summons, complaint, and notice regarding Electronic Service at the defendant's dwelling house or usual place of abode; or (ii) by publication . . . ; or (iii) to be made electronically."

1

the summons on February 11, 2026. ECF No. 18. On March 16, 2026, Mr. Kilmartin filed a motion for reconsideration of the Magistrate Judge's order denying his motion for alternate service. ECF No. 19. In this motion, he revealed that the summons he had up until that point been attempting to serve on Defendant was not the summons issued by the Clerk in this case, but was instead a "corrected" version of an older case he had filed against the Defendant with the case number crossed out and replaced with the instant case number, as well as a "corrected" date of filing. *Id*. at 2 n.1. The Magistrate Judge denied the motion for reconsideration, finding "his mistakes in his prior service attempts on the Defendant do not justify reconsideration of my order denying his motion for alternative service." ECF No. 20.

On April 1, 2026, the Court ordered Mr. Kilmartin to show cause as to why his complaint should not be dismissed for failing to effect proper service. ECF No. 21. In response, Mr. Kilmartin filed an objection to the Magistrate Judge's order denying his motion for reconsideration, ECF No. 22, and a response to the show cause order, ECF No. 23. He argues he has done all he could to serve the Defendant by traditional means and concedes his attempts at service included the summons from his old case file with the date and case number changed. *See* ECF No. 22 at 3. He urges the Court to allow him to serve Defendant using alternate means.

Federal Rule of Civil Procedure 4(a) allows the Clerk of Court to issue a summons after it is "properly completed." Mr. Kilmartin did not properly complete a summons until February 9, 2026. *See* ECF No. 16-1. Two days later, the Clerk of Court issued the proper summons in this case. ECF No. 18. However, Mr. Kilmartin has continued to attempt to serve Defendant with the incorrect summons, including after the proper summons issued in February. Nothing in the record demonstrates any attempts of service contained the

proper summons. Mr. Kilmartin asserts he has since "exhausted all funds he has to get the Defendant served." ECF No. 19 at 4.

A summons "cannot be altered except by the Clerk of Court." *Pathak v. Exotic Meat Mkt., Inc.*, No. 16-CV-00368, 2016 WL 3219869, at *1 (D. Nev. June 6, 2016). The summons can be altered, however, where the Clerk purposefully leaves a field blank for the plaintiff to complete. *See, e.g.*, *Ewing v. DME Cap., LLC*, No. 24-CV-0692, 2025 WL 1920616, at *3 (S.D. Cal. July 11, 2025) ("For unrepresented litigants in this district, the Clerk of Court leaves a blank space for the pro se plaintiff to fill in the defendant's address . . . ."). However, if the plaintiff modified any "preprinted information provided by the Clerk," the summons is invalid. *Id.* In this case, the Clerk preprinted the case number and date in the summons which Mr. Kilmartin altered and attempted to serve on Defendant. Mr. Kilmartin, like all plaintiffs, is foreclosed from altering preprinted information on a summons.

Because proper legal service consists of the summons issued by the Court *in the instant case* and a copy of the complaint, and it appears from Mr. Kilmartin's representations that the summons was improperly altered before it was served, the Court finds Mr. Kilmartin has not properly served Defendant within the time period provided for service and has not shown good cause for the failure. *See* Fed. R. Civ. P. 4(m).[2]

Therefore, the Court **DISMISSES** the Plaintiff's complaint without prejudice. ECF No. 1.

---

[2] This dismissal is not predicated on delays in sending and receiving mail from the prison where Mr. Kilmartin is incarcerated. *See* ECF No. 22 at 5. The Court considers his response to the show cause order and his objections to the Magistrate Judge's orders to be timely for the purposes of this Order.

**SO ORDERED.**

Dated this 4th day of June, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**
